IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 844 |
| v. ) | Judge John W. Darrah |
| ) | |
| ROBIN VARGO ) | |

## NOTICE OF FILING

To: Mr. Brian Hayes
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

Please take notice that on this 18th day of June, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

– **DEFENDANT VARGO'S MOTION FOR IMMEDIATE DISCLOSURE OF EXCULPATORY AND FAVORABLE EVIDENCE**

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: s/Matthew J. Madden
       Matthew J. Madden

MATTHEW J. MADDEN
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL  60603
(312) 621-8351

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 844 |
| v. | ) | Judge John W. Darrah |
| | ) | |
| ROBIN VARGO | ) | |

**DEFENDANT VARGO'S MOTION FOR
IMMEDIATE DISCLOSURE OF EXCULPATORY AND FAVORABLE EVIDENCE**

Defendant ROBIN VARGO by the Federal Defender Program and its attorney, MATTHEW MADDEN, pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 427 U.S. 97 (1976); and *United States v. Bagley*, 473 U.S. 667 (1985), moves this Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, which is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or which bears in any fashion upon the credibility of a government witness, agent, cooperating individual, confidential informant, or testifying co-defendant or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial.

Defense counsel has received from the government certain information and documents pursuant to Local Rule 16.1(a). As the Court and the government are aware, that requires the government to provide defense counsel with, among other things, "any evidence favorable to the defendant." Defense counsel has no reason to believe that the government has failed to

comply with this requirement. However, the instant motion is nonetheless required in order to preserve on the record any issues under the foregoing authorities, as the protections afforded thereunder are contingent upon a defense request. *See Bagley*, 473 U.S. at 671 (failure to disclose evidence after a specific request more likely to be held "material" since defense counsel may have detrimentally relied upon evidence not being in existence).

The information requested includes, but is not limited to, the following:

1. Any documentary evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

2. Any prior statements of a witness for the government which are inconsistent with his or her expected trial testimony.

3. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony, whether bargained for or not. This request includes, but is not limited to, any cooperating individuals known to the government. This includes any plea agreement entered into between the government and any witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury or other proceeding or in furnishing data or information to the government.

4. An accounting of any money paid to any witness by the government or any state or municipal law enforcement agency including, but not limited to, rewards, subsistence payments, expenses or payments made for specific information supplied to the government or any state or municipal law enforcement agency.

5. Any assistance provided by any attorney or agent of the government to a witness

for any reason, including assistance with the witness' customers, a licensing agency, law enforcement or parole agency, or any other agency of federal, state or local government.

6. The criminal identification and history sheet of each government witness.

7. Any criminal charges pending against any government witness which have not been disposed of either by conviction or acquittal.

8. Any criminal activity in which a government witness has engaged which has not resulted in prosecution or conviction.

9. Any disciplinary action or reprimand or civil complaints taken or filed against any government witness or agent, including any complaints to or actions taken by any professional or law enforcement oversight body.

10. Any information, at any point during the alleged scheme, suggesting that Ms. Vargo was not aware that the billing activities that she was involved in were fraudulent.

11. Any information relating to a co-defendant or other person involved in the alleged scheme withholding evidence concerning the fraudulent nature of the scheme from Ms. Vargo.

12. Any information indicating specifically what, if any, real or personal property was directly derived by Ms. Vargo from proceeds traceable to the charged offense.

13. The foregoing request pertains, but is not limited to any and all cooperating informants. With respect to cooperating informants, defendant further requests criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); all promises of consideration given to the witness, *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); identification of the informant's prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); evidence of

psychiatric treatment, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974); and evidence of the informant's narcotic habit, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972).  The inherent unreliability of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility.  *See United States v. Caldwell*, 446 F.2d 611 (9th Cir. 1972).  Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that disclosure would, within "reasonable probability," affect the outcome of the proceeding.  *United States v. Bagley*, 473 U.S. 667 (1985).

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        Terence F. MacCarthy
        Executive Director

By:   s/Matthew J. Madden
       Matthew J. Madden
       Staff Attorney

MATTHEW J. MADDEN
Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60603
312. 621. 8351

4

**CERTIFICATE OF SERVICE**

      The undersigned, Matthew J. Madden, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT VARGO'S MOTION FOR
IMMEDIATE DISCLOSURE OF EXCULPATORY AND FAVORABLE EVIDENCE**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on  June 18 , 2008, to counsel/parties that are non-ECF filers.

          By:    s/Matthew J. Madden
                  MATTHEW J. MADDEN
                  FEDERAL DEFENDER PROGRAM
                  55 E. Monroe St., Suite 2800
                  Chicago, Illinois 60603
                  (312) 621-8300